JAMES B. LINCOLN *vs.* CYRUS BUTLER & another.

This instrument, " Due A. B. on account $42.32.  C. D.", may be declared on by setting
  out a copy under *St.* 1852, *c.* 312, § 2, *cl.* 9, or be given in evidence under a count for
  money had and received.

ACTION OF CONTRACT against Cyrus Butler and Annis A.
Lincoln, copartners under the name of the Norton Furnace
Company.   The declaration contained two counts.
   The first alleged that the defendants made the following due
bill payable to the plaintiff, and owed the plaintiff the amount
thereof, with interest thereon :  " Due James B. Lincoln on ac-
count forty two 32-100 dollars.  $42.32.   Norton, May 19, 1858.
              " Norton Furnace Co., per A. A. Lincoln, Jr."
   The second count alleged that the defendants owed the plain-
tiff $42.32 for money had and received to the plaintiff's use;
and the plaintiff filed a bill of particulars on the above instru-
ment.
   Trial in the court of common pleas, in Bristol, at March term
1859, before *Aiken,* J., who signed this bill of exceptions :
   " The signature of the defendants to the due bill declared on
was admitted.   It appeared in evidence that the plaintiff com-
menced an action against one Springer, and summoned these
defendants as trustees of Springer ; that the defendants had
fifty two dollars in their possession due Springer ; that they gave
the due bill mentioned in the declaration, and thereupon said
suit was stopped ; and that the plaintiff demanded payment
several times before this action commenced.   The defendants
asked the court to rule that the plaintiff would not be entitled to
recover upon this evidence, on either the first or second count.
The court declined so to rule ; but instructed the jury that, upon
the foregoing facts being proved, they might return a verdict for
the plaintiff.   The verdict being for the plaintiff, the defendant
excepts."
   *J. Brown,* for the defendants.
   *H. Williams & G. E. Williams,* for the plaintiff.

SHAW, C. J.   It is difficult to comprehend the grounds of this defence.   It is admitted that the defendants were carrying on business as partners, in the name of the Norton Furnace Company; and that A. A. Lincoln, Jr., as their authorized agent, made the instrument in question in their name, for money due to the plaintiff.   Whatever the written instrument may be called, it is an admission of a debt due to the plaintiff; and the law implies the promise to pay it.

It is objected that the declaration is not good as for money had and received.   Were this a declaration at common law, there might be some weight in the objection; though even in that case, when a debt had been liquidated by a note or memorandum in writing, such note or memorandum was itself evidence of money due, and might be given in evidence on a count for money had and received.   But this is under the practice act, where it is sufficient to set out by copy the memorandum in writing; the further averment, that thereby the defendant is indebted to the plaintiff, is a mere legal inference from the memorandum, not a traversable fact.   It is good therefore as a declaration on the contract.   The case of *Osgood* v. *Pearsons*, 4 Gray, 455, is directly in point.          *Exceptions overruled.*